**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH N. DAVIS, | No. 10-35703 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00191-CI |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Cynthia Imbrogno, Magistrate Judge, Presiding

Argued and Submitted May 6, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Appellant Ralph N. Davis ("Davis") appeals the district court's summary

judgment in favor of the Commissioner of Social Security ("Commissioner"). The

Administrative Law Judge ("ALJ") denied Davis's Disability Insurance benefits

and Supplemental Security Income benefits under Titles II and XVI of the Social

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Security Act. The ALJ concluded, on the basis of step four in the five-step sequential analysis in 20 C.F.R. § 404.1520(a)-(g), that Davis was not "disabled" within the meaning of the Act, 42 U.S.C. § 1382c(3), because he could still perform his past relevant work as a cabinet assembler. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision, and we reverse and remand for further proceedings.

Davis contends that the ALJ erred by rejecting the opinion of Dr. Joseph Cools, the impartial medical expert selected by the ALJ to testify at the disability hearing, without providing legally adequate reasons for doing so. *See* 20 C.F.R. § 404.1527(f)(2)(iii) (providing standards for the ALJ's consideration of expert testimony). We agree. The ALJ's reason for rejecting Dr. Cools's testimony was that he "apparently accepted the exaggerated symptoms without question despite repeated references in the record to symptom magnification and malingering."

Dr. Cools, however, did not blindly accept Davis's symptoms. Rather, he specifically noted the extensive evidence of malingering and exaggeration and discussed how they complicate Davis's diagnosis. Significantly, Dr. Cools noted that he relied on evidence in the record, which included clinical notes prepared by Dr. Tom Arnold after his twelve sessions with Davis, Dr. Robert Baxley's

September 2004 Psychiatric Evaluation, and Dr. Pamela Ridgeway's March 2007 Psychological Diagnostic Evaluation.

Additionally, Dr. Cools's findings are largely consistent with the opinion of Dr. Arnold, Davis's treating psychologist. The two opinions differed in their classification of the severity of Davis's limitations, but even Dr. Arnold's more conservative 2007 evaluation still found a number of mild and moderate functional limitations. As the treating psychologist, Dr. Arnold's opinion was due "controlling weight." *See* 20 C.F.R. § 404.1527(d)(2); *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (holding that such testimony can be rejected only if the ALJ provides "specific and legitimate reasons supported by substantial evidence in the record."). Since Dr. Cools's testimony was supported by evidence in the record and did not improperly ignore the evidence of malingering, we conclude that the ALJ failed to provide adequate reasons for rejecting the opinion of Dr. Cools. *See* 20 C.F.R. § 404.1527(f)(2)(iii). Cool's opinion was that malingering was but a symptom of an underlying disabling psychological condition, and that Davis was unable to work on the basis of the underlying disability, not on account of malingering, as the dissent incorrectly assumes.

With respect to the testimony of the Vocation Expert ("VE"), the hypothetical posed by the ALJ did not take into account all of the claimant's

3

limitations. Although claimant's attorney attempted to ask a more complete hypothetical, Davis' counsel at oral argument acknowledged that additional testimony by the VE would be necessary on remand. We therefore reverse and remand to the district court with instructions to reverse the administrative decision and remand for such additional proceedings.

The district court concluded that Davis is ineligible for Title II disability insurance and can only qualify for Title XVI benefits. Davis has not appealed that conclusion, accordingly, any challenge has been waived.

**REVERSED** and **REMANDED** for further proceedings consistent with this decision.

Plaintiff is awarded costs on appeal.

*Davis v. Astrue*, No. 10-35703

Callahan, Circuit Judge, dissenting

I do not believe malingering is a compensable disability.  I dissent.[1]

In my view, substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Davis could perform his past work as a cabinet assembler. The ALJ found the testimony of Dr. Cools, a non-treating, non-examining medical expert, to be unsupported by evidence in the record.  Because the testimony given by Dr. Cools was not supported by any findings, and conflicted with the opinions of other physicians, including his treating physician, the ALJ was not required to accept his testimony, and was certainly not required to give his testimony more weight than the treating physician's opinion.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ asked the Vocational Expert ("VE") a hypothetical based on the limitations he found credible and supported by the objective evidence in the record. The VE stated that a person with those limitations would be able to perform Davis's past work as a cabinet assembler.  Substantial evidence supports the ALJ's

---

[1]     I concur in the portion of the decision that finds Davis is ineligible for benefits under Title II of the Social Security Act and that he has waived any challenge to that finding.

decision as to Davis's limitations. Because we do not review the ALJ's decision de novo, his judgment should not be replaced with ours. *See Flaten v.* Sec'y *of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). I would affirm the district court's decision upholding the ALJ. Given my dissent, I would also not award costs to the plaintiff on appeal.